1
2
3
4
5
6
7
8
9
10
11

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **JAMES E. WASHINGTON,** | ) | **CV F 05-0480 OWW WMW HC** |
| | ) | |
| **Petitioner,** | ) | **FINDINGS AND** |
| | ) | **RECOMMENDATIONS RE** |
| **v.** | ) | **PETITION FOR WRIT OF** |
| | ) | **HABEAS CORPUS** |
| | ) | |
| **PAUL M. SCHULTZ,** | ) | [Doc. 1] |
| | ) | |
| **Respondent.** | ) | |
| | ) | |
| _____ | ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2241.   The court has conducted a preliminary review of the petition and finds that the ordering of an answer is not warranted.

Petitioner contends that the district court and the federal government were without jurisdiction to prosecute him for the crime of which he was convicted, a violation of 18 U.S.C. Section 2113(a) and (2).  Petitioner contends, therefore, that his conviction and sentence are unconstitutional.

A federal prisoner who wishes to challenge the validity or constitutionality of his

conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).   In such cases, only the sentencing court has jurisdiction.  Tripati, 843 F.2d at 1163.   A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

A federal prisoner authorized to seek relief under Section 2255 may seek relief under Section 2241 if he can show that the remedy available under Section 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting Section 2255).  The Ninth Circuit has recognized that it is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence and that he never had the opportunity to raise it by motion to demonstrate that Section 2255 is inadequate or ineffective);  Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir.1999) (per curium) (holding that the AEDPA's filing limitations on Section 2255 Motions does not render Section 2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior Section 2255 motion is insufficient to render Section 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears bias or unequal treatment do not render a Section 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th  Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see, United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of Section 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden is on the petitioner to show that the

2

1  remedy is inadequate or ineffective. <u>Redfield v. United States</u>, 315 F.2d 76, 83 (9th Cir.

2  1963).

3       Here, Petitioner is attempting to challenging the constitutionality of his conviction

4  and sentence. Petitioner, however, has made no showing that the remedy available under

5  Section 2255 is inadequate or ineffective. <u>See</u> <u>Hernandez v. Campbell</u>. The court finds,

6  therefore, that Petitioner may not seek to challenge the constitutionality of either his

7  conviction or his sentence through this petition for writ of habeas corpus pursuant to 28

8  U.S.C. Section 2241. Accordingly, the court HEREBY RECOMMENDS that this petition be

9  DENIED.

10

11       These Findings and Recommendation are submitted to the assigned United States

12  District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

13  72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

14  California. Within thirty (30) days after being served with a copy, any party may file written

15  objections with the court and serve a copy on all parties. Such a document should be

16  captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the

17  objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by

18  mail) after service of the objections. The court will then review the Magistrate Judge's

19  ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file

20  objections within the specified time may waive the right to appeal the District Court's order.

21  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

22  IT IS SO ORDERED.

23  **Dated:**   **January 12, 2006**           **/s/ William M. Wunderlich**

    mmkd34                          UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28                      3