IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. WASHINGTON,             ) | 1:05-cv-00480 OWW WMW HC |
|                                  ) | |
|     Petitioner,   ) | ORDER DECLINING TO |
|                                  ) | ADOPT FINDINGS AND |
| v.                               ) | RECOMMENDATIONS RE |
|                                  ) | PETITION FOR WRIT OF |
|                                  ) | HABEAS CORPUS |
| PAUL M. SCHULTZ,                 ) | |
|                                  ) | [Doc. 1] |
|     Respondent.   ) | |
|                                  ) | |
| _____ ) | |

      Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

      On January 12, 2006, the Magistrate Judge conducted a preliminary review of the petition and found  that the ordering of an answer was not warranted.  The Magistrate Judge entered findings and recommendations in this case, finding that  Petitioner is attempting to challenging the constitutionality of his conviction and sentence on the ground  that the district court and the federal government were without jurisdiction to prosecute him for the crime of

1  which he was convicted, a violation of 18 U.S.C. Section 2113(a) and (2).  The Magistrate
2  Judge found that Petitioner has made no showing that  the remedy available under
3  Section 2255 is inadequate or ineffective.  See Hernandez v. Campbell, 204 F.3d 861, 864-5
4  (9th Cir. 2000) ( A federal prisoner authorized to seek relief under Section 2255 may seek
5  relief under Section 2241 *if* he can show that the remedy available under Section 2255 is
6  "inadequate or ineffective to test the validity of his detention.").  The Magistrate Judge
7  concluded, therefore, that Petitioner may not seek to challenge the constitutionality of either
8  his conviction or his sentence through this petition for writ of habeas corpus pursuant to 28
9  U.S.C. Section 2241.  Accordingly, the  court recommended that this petition be denied, and
10 granted any party thirty days to file objections..

11       Due to a clerical error, the findings and recommendations were not immediately
12 served on Petitioner.  On March 2, 2006, Petitioner filed a motion for disposition and
13 clarification, in which Petitioner alerted the court to the fact that he had not been served with
14 the findings and recommendations.  Accordingly, on March 14, 2006, the Clerk of the Court
15 reserved the findings and recommendations on all parties.

16       On May 5, 2006, Petitioner filed objections to the findings and recommendations,
17 raising several separate objections.  First, Petitioner contends that the findings and
18 recommendations of the Magistrate Judge should be stricken because before their issuance,
19 Petitioner filed a petition for writ of mandate with the Court of Appeals for the Ninth Circuit.
20 Citing Jacks v. United States, 435 F.2d 317, 318 (9th Cir. 1970),  Petitioner claims that the
21 Magistrate Judge could not properly proceed with the present petition under Section 2241
22 because of the pendency of the petition for writ of mandamus at the Court of Appeals.   Jacks
23 stands for the proposition that a prisoner may not simultaneously challenge a conviction and
24 sentence through both a direct appeal and petition for writ of habeas corpus.  That proposition
25 has no application to the present case, because there is no indication that the petition for writ

28                                   2

of mandamus was used to challenge Petitioner's conviction or sentence.[1]  Accordingly, Petitioner's request that the findings and recommendations be stricken is DENIED.

Second, Petitioner objects to what he describes as the Magistrate Judge's recharacterization of his Section 2241 as a Section 2255 petition.  The Magistrate Judge did not so recharacterize the petition, but rather expressly considered it as a Section 2241 petition.  Therefore, this objection is without merit.

Third, Petitioner addresses the Magistrate Judge's finding that Petitioner has made no showing that  the remedy available under Section 2255 is inadequate or ineffective, so as to support his seeking relief pursuant to Section 2241.  Petitioner claims that he has met this standard because he "has not had any meaningful review of his Constitutional claims now before the court, and therefore § 2255 was "inadequate and ineffective to test the legality of his conviction and sentence."  A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  As the Magistrate Judge explained, the exception to that rule is that a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241  if  he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000).   In order to demonstrate that Section 2255 is inadequate or ineffective a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion.  Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003).   By simply arguing that he has not had any meaningful review of his Constitutional claims, Petitioner fails to meet that standard.   Therefore, this objection is without merit.

Fourth, Petitioner contends that the Magistrate Judge failed to recognize his argument, contained in his Amendment and Supplemental Pleading filed April 19, 2005, that

---

[1] The court notes that the docket for case number 06-71086 in the Ninth Circuit reflects a filing date of March 1, 2006, despite Petitioner's claim that it was received by the court on December 30, 2005.

he is being illegally detained based on the executive order in which the president signed the three strikes law.  It is not necessary to address the merits of Petitioner's argument regarding the President's executive order, because regardless of its merits, the argument does not overcome the fact that Petitioner has not met the controlling legal standard for challenging his conviction by way of Section 2241.  Accordingly, this objection is without merit.

Fifth, Petitioner initially contends that the Magistrate Judge failed to recognize his Brady claim.  For the same reasons as Petitioner's fourth contention, this contention lacks merit.  However, Petitioner then presents for the first time an argument addressing actual innocence and why he never had the opportunity to raise his claim by motion.   The court finds that Respondent must be given an opportunity to address this argument, which was not presented in the petition.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) The court DECLINES TO ADOPT the findings and recommendations entered January 12, 2006; and

2) A separate order shall be entered ordering Respondent to respond to the petition.IT IS SO ORDERED.

Emm0d6**Dated:   February 7, 2007**          **/s/ Oliver W. Wanger**
                                                                                UNITED STATES DISTRICT JUDGE

4