IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES E. WASHINGTON, | ) | CV F 05-0480 LJO WMW HC |
| Petitioner, | ) | ORDER DENYING PETITION |
| | ) | FOR WRIT OF HABEAS |
| v. | ) | CORPUS |
| | ) | |
| PAUL M. SCHULTZ, | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On January 12, 2006, the Magistrate Judge conducted a preliminary review of the petition and found that the ordering of an answer was not warranted. The Magistrate Judge entered findings and recommendations in this case, finding that Petitioner is attempting to challenging the constitutionality of his conviction and sentence on the ground that the district court and the federal government were without jurisdiction to prosecute him for the crime of

which he was convicted, a violation of 18 U.S.C. Section 2113(a) and (2).  The Magistrate

Judge found that Petitioner has made no showing that  the remedy available under

Section 2255 is inadequate or ineffective.   See  Hernandez v. Campbell, 204 F.3d 861, 864-5

(9th Cir. 2000) ( A federal prisoner authorized to seek relief under Section 2255 may seek

relief under Section 2241 if he can show that the remedy available under Section 2255 is

"inadequate or ineffective to test the validity of his detention.").  The Magistrate Judge

concluded, therefore, that Petitioner may not seek to challenge the constitutionality of either

his conviction or his sentence through this petition for writ of habeas corpus pursuant to 28

U.S.C. Section 2241.  Accordingly, the  court recommended that this petition be denied, and

granted any party thirty days to file objections..

Due to a clerical error, the findings and recommendations were not immediately

served on Petitioner.  On March 2, 2006, Petitioner filed a motion for disposition and

clarification, in which Petitioner alerted the court to the fact that he had not been served with

the findings and recommendations.  Accordingly, on March 14, 2006, the Clerk of the Court

reserved the findings and recommendations on all parties.

On May 5, 2006, Petitioner filed objections to the findings and recommendations,

raising six  separate objections.  On February 8, 2007, the District Judge assigned to the case

entered an order addressing and rejecting each of  Petitioner's objections.   First, Petitioner

contended  that the findings and recommendations of the Magistrate Judge should be stricken

because before their issuance, Petitioner filed a petition for writ of mandate with the Court of

Appeals for the Ninth Circuit. Citing Jacks v. United States, 435 F.2d 317, 318 (9th Cir.

1970),  Petitioner claimed that the Magistrate Judge could not properly proceed with the

present petition under Section 2241 because of the pendency of the petition for writ of

mandamus at the Court of Appeals.  The District Judge found that  Jacks stands for the

proposition that a prisoner may not simultaneously challenge a conviction and sentence

through both a direct appeal and a petition for writ of habeas corpus.  That proposition was

found to have no application to the present case, because there is no indication that the petition for writ of mandamus was used to challenge Petitioner's  conviction or sentence.[1] Accordingly, the District Judge denied Petitioner's request that the findings and recommendations be stricken.

Second, Petitioner objected to what he described as the Magistrate Judge's recharacterization of his Section 2241 as a Section 2255 petition.  The District Judge found that the Magistrate Judge did not so recharacterize the petition, but rather expressly considered it as a Section 2241 petition.  Therefore, the District Judge found the objection to be without merit.

Third, the  Petitioner addressed the Magistrate Judge's finding that Petitioner had made no showing that  the remedy available under Section 2255 is inadequate or ineffective, so as to support his seeking relief pursuant to Section 2241.  Petitioner claimed that he has met this standard because he "has not had any meaningful review of his Constitutional claims now before the court, and therefore § 2255 was "inadequate and ineffective to test the legality of his conviction and sentence."  The District Judge found as follows:

> A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  As the Magistrate Judge explained, the exception to that rule is that a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241  if  he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000).   In order to demonstrate that Section 2255 is inadequate or ineffective a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion.  Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003).   By simply arguing that he has not had any meaningful review of his Constitutional claims, Petitioner fails to meet that standard.   Therefore, this objection is without merit.

Fourth, Petitioner contended that the Magistrate Judge failed to recognize his argument, contained in his Amendment and Supplemental Pleading filed April 19, 2005, that

---

[1]The court notes that the docket for case number 06-71086 in the Ninth Circuit reflects a filing date of March 1, 2006, despite Petitioner's claim that it was received by the court on December 30, 2005.

3

1   he is being illegally detained based on the executive order in which the president signed the

2   three strikes law.  The District Judge found it unnecessary to address the merits of

3   Petitioner's argument regarding the President's executive order, because regardless of its

4   merits, the argument does not overcome the fact that Petitioner has not met the controlling

5   legal standard for challenging his conviction by way of Section 2241.  The District Judge

6   therefore found the objection to be without merit.

7          Fifth, Petitioner initially contends that the Magistrate Judge failed to recognize his

8   Brady claim.  The District Judge found that this contention lacked merit for the same reasons

9   as Petitioner's fourth contention.

10         Finally, Petitioner  presented for the first time an argument addressing actual

11   innocence and why he never had the opportunity to raise his claim by motion.   The District

12   Judge found that Respondent had to be given an opportunity to address this argument, which

13   was not presented in the petition.  Accordingly, although he had ruled on and rejected each of

14   the other five objections to the findings and recommendations, the District Judge declined to

15   adopt the findings and recommendations of the Magistrate Judge that the petition be denied.

16   By separate order, the District Judge directed Respondent to respond to the merits of this

17   argument.  On April 17, 2007, Respondent filed his response.[2]  In his response, Respondent

18   presents both an argument in favor of dismissal for lack of jurisdiction and an argument in

19   favor of denial.  Petitioner filed a response on May 9, 2007.

20         In his response, Respondent  addresses at length the issues surround the filing of a

21   second or successive Section 2255 motion to correct a sentence, the filing of a petition for

22   writ of habeas corpus pursuant to Section 2241, and the application to such a motion or

23   petition of a claim of actual innocence.

24         As set forth above, this court has previously found that  Petitioner has made no

25

26   _____

27   [2]This response is entitled, "Petitioner's Motion to Dismiss for Lack of Jurisdiction."  This
     caption is clearly a typographical order, and will be disregarded by the court.

28                                          4

showing that  the remedy available under Section 2255 is inadequate or ineffective.  <u>See</u>

<u>Hernandez v. Campbell</u>, 204 F.3d 861, 864-5 (9th Cir. 2000) ( A federal prisoner authorized

to seek relief under Section 2255 may seek relief under Section 2241 *if* he can show that the

remedy available under Section 2255 is "inadequate or ineffective to test the validity of his

detention.").  A  petitioner may file a second or successive motion under Section 2255 as

follows:

> A second or successive motion must be certified as provided in section 2244 by a
> panel of the appropriate court of appeals to contain–
>
> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a
> whole, would be sufficient to establish by clear and convincing evidence that no
> reasonable factfinder would have found the movant guilty of the offense; or
>
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by
> the Supreme Court, that was previously unavailable.

In his final claim,  Petitioner contends that he is actually innocent.  As argued by Respondent,

such  a claim may be brought under Section 2255(1), if certified by the Court of Appeals.

Petitioner has made no attempt to obtain such certification from the Court of Appeals for the

Seventh Circuit and to pursue his claim through a second or successive motion under Section

2255.  Petitioner has not shown that he could not do so.   Accordingly, this court must find

that Petitioner's final, additional claim of actual innocence does not alter its conclusion that

Petitioner has made no showing that  the remedy available under Section 2255 is inadequate

or ineffective.  He is not entitled to pursue his claims through Section 2241 without such a

showing.  <u>See</u> <u>Ivy</u>, 328 F.3d 1057 (in order to demonstrate that Section 2255 is inadequate or

ineffective a petitioner must show actual innocence *and* that he never had the opportunity to

raise it by motion).

## ORDER

In light of the foregoing, IT IS HEREBY ORDERED as follows:

5

1)      Petitioner's request for reconsideration of his request appointment of counsel  is
        DENIED as meritless in light of his prior filings, which amply demonstrate his ability
        to litigate this action;

2)      Petitioner's request for a stay of this case while the court addresses his request for
        appointment of counsel is DENIED as moot;

3)      The court's order of April 11, 2007, in which the court granted Respondent an
        extension of time and permission to file a motion to dismiss rather than an answer,
        reads in part, "good cause appearing, Respondent's motion to dismiss is GRANTED
        and Respondent shall file his response to the petition on or before April 18, 2007."
        This sentence contains a clerical error and is HEREBY AMENDED to add the words
        "to file a motion " between the words "motion" and "to."

4)      The Findings and Recommendations of the Magistrate Judge entered January 12,
        2006, are HEREBY ADOPTED in full and this action is DENIED;

5)      Respondent's motion to dismiss is DENIED as moot [Doc. 33]; and

6)      The Clerk of the Court is directed to enter judgment for Respondent and to close this
        case.

IT IS SO ORDERED.

Dated:    **January 7, 2008**               **/s/ Lawrence J. O'Neill**
                                         UNITED STATES DISTRICT JUDGE

6